[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this habeas corpus proceeding challenging the disciplinary proceedings which resulted from an incident at Corrigan Correctional Institute on July 30, 1995.
The Court makes the following findings of fact: The petitioner is a sentenced prisoner confined to the custody of the Department of Corrections pursuant to the following: a mittimus issued September 17, 1993 sentencing the petitioner to 25 years incarceration for a violation of Connecticut General Statutes Section 53a-54a; a mittimus issued September 24, 1993 sentencing the petitioner to 18 months incarceration for a violation of Connecticut General Statutes Section 29a-35a; and a mittimus issued August 9, 1995 sentencing the petitioner to 6 months incarceration for a violation of Connecticut General Statutes Section 53a-61. On July 30, 1995, the petitioner assaulted and CT Page 15203 stabbed another inmate with a metal object, striking that other inmate once in the chest and once in the neck. As a result of the said incident, the petitioner was issued a disciplinary report on July 30, 1995 (Petitioner's Exhibit #1) and a second disciplinary report on August 10, 1995 (Petitioner's Exhibit #2). A disciplinary proceeding was held on August 10, 1995 at which time the petitioner entered a plea of guilty to the charge of Assault and a finding of guilty was entered on that charge. As a result of the petitioner's plea and the finding of guilty, the following sanctions were entered against the petitioner: 30 days of punitive segregation; 150 days loss of "Good Time" (only 60 days actually taken); and 15 days loss of recreation.
The petitioner acknowledges his involvement in the incident, acknowledges stabbing the other inmate and acknowledges pleading guilty to the assault charge. The petitioner does, however, challenge on procedural grounds, the nature of the disciplinary proceeding. The petitioner further claims that he entered his guilty plea only because he was promised that he would be transferred out of Corrigan C.I. The petitioner claims though that he did not know that his transfer would be to Northern C.I.
This court is not required to set aside the decisions of prison administrators that have some basis in fact.Superintendent v. Hill, 472 U.S. 445, 456. The Supreme Court has held that in prison disciplinary proceedings, due process issatisfied if some evidence supports the decision by prisonofficials . . . (emphasis added). Superintendent v. Hill, supra472 U.S. 455. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id., 455-56. The Supreme Court reasoned that this standard was appropriate standard in the prison setting, as here, by stating, "[p]rison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances." Id., citing Wolff v. McDonnell, 418 U.S. at 562-63, 567-69. Thus, the evidentiary threshold required to sustain the finding of a hearing officer in a correctional institution disciplinary hearing is very low.
The court concludes from the evidence presented that the decision of the hearing officer based upon the petitioner's own guilty plea provides an adequate basis in fact underSuperintendent v. Hill, to substantiate the finding of the CT Page 15204 hearing officer. This Court will therefore not set aside the finding of the hearing officer.
The court further finds that there is no evidence to substantiate the petitioner's claim that his guilty plea was entered only upon a promise made to the petitioner that he would be transferred out of Corrigan C.I. upon the entry of such a plea and that said transfer would be to a Correctional Institute other than Northern C.I. There is nothing in the record nor has any credible evidence been submitted to support such a claim.
The petition for a writ of habeas corpus is accordingly denied and dismissed.
BY THE COURT
CARROLL, J.